CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
9/23/2025
LAURA A. AUSTIN, CLERK
BY   s/ S. MELVIN
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

**ZAHRIYAH WILSON,**

      **Plaintiff,**

**v.**                            **Case No. 3:25-cv-00078**

**NEWCASTLE DEVELOPMENT, LLC,
D/B/A "NEWCASTLE DEVELOPMENT
GROUP", D/B/A "CDGMS, LLC"**

**Serve:**
    **Peter M. Segaloff**
    **Registered Agent**         **JURY TRIAL DEMAND**
    **6555 Tidewater Drive**
    **Suite 400**
    **Norfolk, Virginia 23509**

    **Defendant.**

## COMPLAINT

The above-named Plaintiff, Zahriyah Wilson (hereinafter, "Ms. Wilson" or "Plaintiff"), by counsel, states as her Complaint against Defendant Newcastle Development, LLC, D/B/A "Newcastle Development Group", D/B/A "CDGMS, LLC" (hereinafter, "NDG" or "Defendant"), the following:

### I. JURISDICTION

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by Title VII of the Civil Rights Act of 1964, as codified under 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 2000e-5(f) ("Title VII").

2. Plaintiff Ms. Wilson is domiciled in Charlottesville, Virginia.

1

3.   Defendant NDG is a Virginia corporation and employs hundreds of employees within the Commonwealth of Virginia. Due to its contacts within the Commonwealth of Virginia, NDG avails itself to the jurisdiction of this Court.

4.   Venue is appropriate as the acts and/or omissions of NDG from which these causes of action arise, occurred in Charlottesville, Virginia, within the Western District of Virginia, Charlottesville Division. *See* 28 U.S.C. § 1391(b)(2).

5.   Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Dismissal and Notice of Rights from the EEOC, dated June 26, 2025, attached hereto as **EXHIBIT A**. Plaintiff files suit within ninety (90) days of receipt of that Dismissal and Notice of Rights.

## II. THE PARTIES

6.   Ms. Wilson identifies her race as African-American, and worked on a consistent, full-time basis for NDG as an Assistant Property Manager until her unlawful termination which occurred on March 8, 2023.

7.   NDG is a real estate investment firm that owns and operates apartment facilities throughout the Commonwealth of Virginia. NDG is headquartered in Norfolk, Virginia.

## III. FACTUAL ALLEGATIONS

8.  Ms. Wilson was hired by NDG on or about January 1, 2023 as an Assistant Property Manager.

9.  Ms. Wilson experienced numerous issues and hostile incidents with her manager, Evan Grover, a Caucasian male.

10. On or about March 6, 2023, Mr. Grover locked Ms. Wilson in his personal

2

vehicle and made numerous racial comments.

11. Mr. Grover's truck horn played *Dixie*, the unofficial anthem of the confederate army. Mr. Grover locked Ms. Wilson in his car and played the horn repeatedly asking her if she liked it or give a reason why she did not love it. She stated she wanted to leave the car immediately, but the door was child-locked by Mr. Grover and he did not permit her to exit.

12. Mr. Grover continued to speak about confederate soldiers and their love for the song his truck played. He stated that the confederate flag was beautiful and Ms. Wilson needed to get over her issues with it.

13. During this racist conversation, Mr. Grover handled a firearm in his vehicle and frightened Ms. Wilson.

14. Once Ms. Wilson escaped the vehicle, she reported the entire incident to NDG and Human Resources.

15. On March 7, 2023, the Regional Manager provided unwarranted workplace discipline to Ms. Wilson.  This discipline was retaliatory and not supported by fact.

16. On the following day, March 8, 2023, NGD fired Ms. Wilson.

17. NGD claimed that Ms. Wilson used profanity while reporting Mr. Grover.

18. Unbeknownst to NGD, Ms. Wilson recorded her conversation reporting Mr. Grover. Ms. Wilson never used profanity. NGD knew that Ms. Wilson never used profanity.

19. NGD lied to cover retaliation and extremely racist hostile work environment.

20. NGD's working environment was charged with racial hostility. This hostility was

known by NGD and allowed to flourish with NGD's knowledge.

21. NDG's prejudicial and discriminatory investigative process and failure to effectively address Ms. Wilson's claims of race discrimination and hostility were devastating to Ms. Wilson, created an intolerable work environment, and caused her continued stress and anxiety.

22. Ms. Wilson was fully capable of working. Ms. Wilson has suffered emotional distress, compensatory damages, and pecuniary losses due to the acts of NGD.

### COUNT I:  CLAIM FOR TITLE VII RACE/COLOR DISCRIMINATION

23. Ms. Wilson incorporates by reference herein the preceding paragraphs of this Complaint.

24. Ms. Wilson identifies her race as African-American/Black.

25. At all times material hereto, NDG had an obligation to maintain a work environment that was not charged with race/color discrimination and hostile to Ms. Wilson and other minority employees.

26. NDG violated federal law by creating and permitting a work environment to exist that was discriminatory and hostile to Ms. Wilson and other minority employees, and by wrongfully terminating Ms. Wilson.

27. Employees of NGD were acting in the course and scope of their employment with NDG at the time of their actions; therefore, NDG is liable for their actions under the doctrine of *respondeat superior*. Their actions against Ms. Wilson were committed during working hours and at their place of employment and/or were in conjunction with work-related responsibilities.

28. As a direct and proximate result of NDG's actions, Ms. Wilson has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

29. At all times material hereto, NDG engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Ms. Wilson so as to support an award of punitive damages.

30. Prior to Ms. Wilson's wrongful termination, Ms. Wilson was performing her work at a satisfactory level and meeting or exceeding NDG's legitimate business expectations.

31. The above-described acts by NDG constitute race/color discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

32. Ms. Wilson is entitled to all reasonable costs, including attorneys' fees, associated with this matter, plus interest, pursuant to 42 U.S.C. § 2000e-5(k).

## COUNT II:  CLAIM FOR TITLE VII RACE/COLOR RETALIATON

33. Ms. Wilson incorporates by reference herein the preceding paragraphs of this Complaint.

34. Ms. Wilson identifies her race as African-American/Black.

35. At all times material hereto, NDG had an obligation to maintain a work environment that was not charged with race/color discrimination and retaliation, and hostile to Ms. Wilson and other minority employees.

36. NDG violated federal law by permitting a work environment to exist that was discriminatory, hostile, and offensive to Ms. Wilson and other minority employees, and

that punished, retaliated against, and prejudiced a victim of a discriminatory work environment for complaining of the same.

37. Ms. Wilson experienced discrimination based upon her race/color.

38. Ms. Wilson engaged in the protected activity of complaining about this discriminatory work environment and was subsequently targeted and unfairly terminated from employment.

39. Ms. Wilson was unfairly discharged from employment in direct retaliation for her complaints about workplace discrimination.

40. NDG employees were acting in the course and scope of their employment with NDG at the time of their actions; therefore, NDG is liable for their actions under the doctrine of *respondeat superior*. Their actions against Ms. Wilson were committed during working hours and at their place of employment and/or were in conjunction with work-related responsibilities.

41. Prior to Ms. Wilson's wrongful discharge, she was performing her work at a satisfactory level and meeting or exceeding NDG's legitimate business expectations.

42. As a direct and proximate result of NDG's actions, Ms. Wilson has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

43. At all times material hereto, NDG engaged in retaliatory practices with malice or reckless indifference to the federally protected rights of Ms. Wilson so as to support an award of liquidated and/or punitive damages.

44. The above-described acts by NDG constitute retaliation in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

45. Ms. Wilson is entitled to all reasonable costs, including attorneys' fees, associated with this matter, plus interest, pursuant to 42 U.S.C. § 2000e-5(k).

### COUNT III:  TITLE VII HOSTILE WORK ENVIRONMENT

46. Ms. Wilson incorporates by reference herein the preceding paragraphs of this Complaint.

47. Ms. Wilson identifies her race as African-American, color as Black, and is protected from race/color discrimination and a hostile work environment by Title VII.

48. At all times material hereto, NDG had an obligation to maintain a work environment that was not charged with race/color discrimination and hostile to Ms. Wilson and other minority employees.

49. NDG violated federal law by creating and permitting a work environment to exist that was discriminatory, hostile, and offensive to Ms. Wilson.

50. NDG's discriminatory and retaliatory conduct was unwelcome, unlawful, and based on Ms. Wilson's race/color, as evidenced by the disparate treatment she received during her employment with NDG.

51. The conduct was sufficiently severe and pervasive so as to alter the conditions of Ms. Wilson's employment and to create an abusive atmosphere.

52. NDG and others were acting in the course and scope of their employment with NDG at the time of their actions; therefore, NDG is liable for their actions under the doctrine of *respondeat superior*. Their actions against Ms. Wilson were committed during working hours and at their place of employment and/or were in conjunction

with work-related responsibilities.

53. As a direct and proximate result of NDG's actions, Ms. Wilson has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

54. At all times material hereto, NDG engaged in a practice or practices supporting a hostile work environment with malice or reckless indifference to the federally protected rights of Ms. Wilson so as to support an award of liquidated and/or punitive damages.

55. The above-described acts by NDG constitute the creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as codified under 42 U.S.C. § 2000e, *et seq*. ("Title VII").

56. Ms. Wilson is entitled to all reasonable costs, including attorneys' fees, associated with this matter, plus interest, pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff Zahriyah Wilson prays for judgment against Defendant Newcastle Development, LLC, D/B/A "Newcastle Development Group", D/B/A "CDGMS, LLC", for equitable relief, compensatory, liquidated and/or punitive damages, together with prejudgment interest from the date of Ms. Wilson's separation from employment, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED ON ALL MATTER UPON WHICH A JURY TRIAL MAY BE DEMANDED INCLUDING THE ENFORCEABILITY OF AN ARBITRATION

AGREEMENT.

Respectfully submitted,

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Drive
Roanoke, Virginia 24018
Tel:  540-283-0802
thomas@vaemployment.law
leigh@vaemployment.law

*Counsel for Plaintiff*

9